UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                    23-CR-6165 DGL

v.                                           STATEMENT OF DEFENDANT WITH
                                             RESPECT TO SENTENCNG FACTORS
MICHAEL ALAN JONES,

          **Defendant.**
_____

Steven Slawinski affirms under penalty of perjury that:

I am an Assistant Federal Public Defender in the Western District of New York and represent the Defendant, Michael Alan Jones, in the above-entitled action brought by the United States of America. I make this affirmation in accordance with the requirements of Section 6A1.2 of the Sentencing Guidelines, "Statement of Defendant with Respect to Sentencing Factors," as promulgated by the United States Sentencing Commission.

In accordance with those rules, it is hereby stated on behalf of the defendant that I have reviewed the Presentence Report and have discussed the same with him. There are no unresolved statements, conclusions or other information contained in that report to which he disputes or objects.

Jones would request a sentence of **time-served**, which is in line with the Rule 11(c)(1)(B) plea agreement, where the parties agreed that they could ask for a sentence outside of the 24-30 months sentencing guideline range. This is also the range as calculated by the PSR.

Jones will address the Court at sentencing and again accept responsibility for his misconduct, which involves a single violation of 18 U.S.C. 922(g)(1), being a felon in possession of a firearm. Sentencing is now scheduled to take place on September 27, 2023 at 2:00 p.m.

Under the Sentencing Guidelines and the 18 U.S.C. Section 3553(a) factors, a sentence of time-served represents adequate but not excessive punishment for Jones' offense. Jones has already served six months and seven days in custody for this offense. He was then released by the Court on December 9, 2022 because an intramuscular leg wound he previously had kept getting infected after numerous stays at the hospital. If the Court recalls, he was being shuttled between the Monroe County Jail and Strong Hospital where he received intravenous antibiotics for his infection. When he was discharged and went back to the jail, his leg would get re-infected and the process of hospitalization would begin again. In December 2022, there was a real possibility that his leg would have to be amputated. Then the parties agreed to his release on home detention with electronic monitoring and he subsequently flew to his parents' house in Haw River, North Carolina, where he has been confined since. At the time of sentencing, he will have served nine months and 18 days on home confinement without any incidents or violations. A letter from his supervising probation officer is in North Carolina is attached as an exhibit.

With his custodial and home confinement time, Jones will have served **over 15 months under some type of custodial capacity** by the time of sentencing. While this is short of the 24 months of the low-end of his guideline range, the Court needs to consider all the 18 U.S.C. 3553(a) factors here.

When he was released from the Monroe County Jail, Jones could barely walk on his leg because his left calf muscle had become so infected (PSR Para. 62-63). This was due to his not getting adequate medical care and antibiotics at the jail. Since returning home to North Carolina, the infection has subsided, but he is still going to weekly physical therapy appointments and wears an ankle-foot orthotic when he walks and another when he sleeps to help his healing. Based on his previous history, the Court should consider that there is a real possibility that his leg may become re-infected at the BOP and the infection cycle will start over again.[1]

While he has been on home detention, Jones has complied with all conditions. This shows that he has learned his lesson and is not at risk of recidivating. Furthermore, his criminal history is very minor. His only prior convictions are for the North Carolina two felonies of "crimes against nature" where his then-minor girlfriend twice performed oral sex on him in the boys' bathroom of their high school. He received a suspended sentence for his actions after pleading guilty. This is the predicate for his 922(g) conviction.

The offense of conviction was a purely possessory offense where Jones was taken into custody peacefully and without incident in LeRoy during a traffic stop. He has accepted responsibility for having the AR-15 in his vehicle as he travelled through New York with a friend. Jones never intended to transfer the firearm or use it for any illegal purpose. A letter of acceptance of responsibility by Jones is attached as an exhibit.

---

[1] Jones' left calf has been infected since December 2021, when he sought treatment while hiking the Appalachian Trail in Virginia. As he explained it to me, he was malnourished during his hike and his body started to "eat" his calf muscles for energy. Leg infections then developed and he had to have surgeries to remove infected and dead tissue. The infection in his left calf then resurfaced while he was in the Monroe County Jail.

Regarding the allegations in the PSR that Jones is a White Nationalist, it is true that he is a former member of the Proud Boys organization in North Carolina. At the time he joined, he was a teenager and was influenced by the Internet and his own youthful anger. However, since that time, he has changed his thinking and actually worked as a paid FBI informant who infiltrated the Charlotte chapter of the Proud Boys and gave agents valuable information about the organization. Jones has since matured and no longer harbors these views. In fact, renouncing these views was a prerequisite for his parents allowing him to come back to their home after he was released from jail.

As for his future, Jones either would like to get a job as a trucker or go back to college and study agriculture. He is waiting to see how this case resolves before making any concrete plans one way or another.

In summary, Jones is a young man who is an ideal defendant for time-served sentence and a term of supervision to make sure he stays on the right track. Further incarceration would not serve any sentencing goals, especially because of the past and potential future health issues surrounding his leg.

Thank you for your consideration of this request.

**DATED**:  Rochester, New York
September 18, 2023

Respectfully submitted,

**/s/ Steven Slawinski**
Steven Slawinski
Assistant Federal Public Defender
Federal Public Defender's Office
28 E. Main Street Suite 400
Rochester, New York 14614
(585) 263-2601; FAX: 585-263-5871
Steven_slawinski@fd.org
*Counsel for Defendant Michael Alan Jones*

**TO:**   Charles Moynihan
Assistant United States Attorney

Jacqueline Finucane
United States Probation Officer